IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

PATRICK SMITH                                                                                                    PLAINTIFF

v.                                              Case No. 1:22-cv-1064

CITY OF WARREN                                                                                              DEFENDANT

**ORDER**

Before the Court is Defendant's Motion for Agreed Protective Order. ECF No. 34. Defendant states that confidential and sensitive information will be disclosed in this matter and requests a protective order regarding such information. Defendant also states that Plaintiff does not oppose the entry of the proposed protective order, which the Defendant provided for the Court's consideration. ECF No. 34-1.

Upon review, the Court finds that good cause for the instant motion has been shown. Accordingly, Defendants' Motion for Agreed Protective Order (ECF No. 34) is hereby **GRANTED**. However, the Court finds it necessary to add language to the proposed protective order requiring that the parties seek the Court's leave prior to filing under seal. Further, the Court will not recreate the "Exhibit 1" (ECF No. 34-1, p. 5) referenced within the protective order.

**The protective order is as follows:**

1.      Confidential Information obtained from the City of Warren by Plaintiff shall be used only for the purpose of this litigation and for no other purpose, and shall not be given, shown, made available or communicated in any way to anyone except Qualified Persons.

2.      Confidential Information includes, without limitation:

a.      Any confidential material disclosed in any pleading, motion, deposition transcript, brief, exhibit, or other filing with the Court shall be maintained under seal. To

the extent such confidential filing is capable of redaction, the redacted version of the document is to be filed on the public docket, with the unredacted version delivered in hard copy to the Clerk's Office for filing under seal. The redacted version of a confidential filing may include, when necessary, slip sheets appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the filing due to filing seal.

      b.    Documents, video recordings, and audio recordings, including but not limited to, personnel files, employment records, medical records, containing sensitive and/or confidential personal information containing confidential personal information, such as social security numbers, contact information, medical information, dates of birth, and information and other matters requested by a party now or later.

      c.    Any information produced by a party and declared by the party at the time of production to be Confidential Information. Materials that are designated as confidential that do not fall into one of the specific categories named in Section 2(a) should be stamped confidential, or if Bates numbers are used, documents may be designated as confidential by Bates number in a letter. A party may oppose a confidentiality designation in writing within ten (10) days of the designation, at which time the parties shall engage in a good faith effort to resolve the issue, and may move to remove the confidentiality designation if negotiations fail.

3.    Except with the prior written consent of the City of Warren, no Confidential Information may be disclosed to any person other than Qualified Persons.

4.    Qualified Persons include Patrick Smith, any future counsel of record for Patrick Smith in this action, secretaries, para-professional assistants, experts, and other employees of

counsel who are actively engaged in assisting counsel with this action, court personnel, witnesses at trial or deposition, and the jury.

5. Upon delivery of Confidential Information to Plaintiff's counsel, the City of Warren (or City's counsel) shall execute and submit to Plaintiff and his counsel a document entitled Inventory of Confidential Documents Delivered in the attached form. *See* Exhibit 1. Documents containing Confidential Information shall be stamped or otherwise marked confidential.

6. This Agreement shall continue to be binding through and after the conclusion of this litigation, including all appeals. The agreement shall survive the conclusion of the litigation as a contract between the parties. No later than (3) three years after the conclusion of this litigation, Plaintiff and Plaintiff's counsel shall destroy all confidential information, including, correspondence, memoranda, notes or any other documents embodying such information, in whole or in part. All Qualified Persons are barred from disclosing in any manner any Confidential Information obtained during the course of this proceeding.

7. Documents, video recordings, and audio recordings that are entirely confidential may need to be filed with the Court and must be filed with the Clerk of this Court under seal. But to the greatest extent possible, documents containing confidential information shall be filed in a redacted form pursuant to Fed. R. Civ. P. 5.2 so that those portions of the document containing confidential information will not be visible to the public. The parties must seek and obtain the Court's leave prior to filing any confidential information under seal.

8. This Agreement contains the full, entire, final, and exclusive agreement, understanding and stipulation between Plaintiff and Defendant.

**IT IS SO ORDERED**, this 24th day of September, 2024.

/s/ Susan O. Hickey<br>
Susan O. Hickey<br>
Chief United States District Judge